*copy*

IN THE SUPERIOR COURT OF GUAM

FILED
SUPERIOR COURT
2013 FEB 20 PM 2: 55
CLERK OF COURT

THE PEOPLE OF GUAM,  )
                     )   CRIMINAL CASE NO. CF0013-12
     vs.             )
                     )   DECISION AND ORDER
ROBERT FLORES GUERRERO,  )
                     )
        Defendant.   )
                     )

## INTRODUCTION

This matter came before the Honorable James L. Canto II on Defendant's motion to suppress, filed January 4, 2013. Oral arguments were heard on February 11, 2013. Assistant Attorney General Elizabeth S. Vasiliades, Esq. appeared on behalf of the Government and Attorney David J. Lujan, Esq. represented the Defendant. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

Defendant is charged with second degree criminal sexual conduct for allegedly using his position of authority to touch the buttocks and genital area of a fifteen (15) year old female member of his family. It is alleged the girl immediately reported this conduct to her family and then to the police, and that subsequently two (2) of Defendant's nieces came forward to report prior sexual penetration. One niece alleged Defendant sexually assaulted her once in 1987 when she was thirteen (13) or fourteen (14) years old in California. The other niece alleged Defendant sexually assaulted her many times from 1976 to 1981 when she was five (5) to ten (10) years old in Germany and in California.

On January 4, 2013, Defendant filed an objection to the admission of prior sexual conduct. Defendant argues these uncharged acts have limited probative value and are substantially outweighed by the danger of unfair prejudice and confusion. The Government asserts prior criminal sexual conduct is admissible under Guam R. Evid. 413. On February 12,

2013, the Government filed documents under seal that were disclosed in discovery and which form the anticipated basis for the nieces' testimony sought to be offered at trial.

## DISCUSSION

Guam R. Evid. 413 states, in pertinent part:

(a) In a criminal case in which the defendant is accused of an offense of criminal sexual conduct, evidence of the defendant's commission of another offense or offenses of criminal sexual conduct is admissible, and may be considered for its bearing on any matter to which it is relevant.

...

(c) This rule shall not be construed to limit the admission or consideration of evidence under any other rule.

Rule 413 and the Guam Rules of Evidence were adopted from the Federal Rules of Evidence and federal case law interpreting the rules is persuasive authority. *See e.g.* Guam R. Evid. 413, SOURCE; *People v. Roten*, 2012 Guam 3 ¶ 16.

Rule 413, "is based on the premise that evidence of other sexual assaults is highly relevant to prove propensity to commit like crimes, and often justifies the risk of unfair prejudice. Congress thus intended that rules excluding this relevant evidence be removed." *U.S. v. Enjady*, 134 F.3d 1427, 1431 (10th Cir. 1998) (*citing* 140 Cong. Rec. H8968-01, H8992 (Aug. 21, 1994) (statement of Sen. Molinari)). For this reason, Rule 413 supersedes Rule 404(b)'s restriction of propensity evidence, "and allows the government to offer evidence of a defendant's prior conduct for the purpose of demonstrating a defendant's propensity to commit the charged offense." *U.S. v. Guardia*, 135 F.3d 1326, 1329 (10th Cir. 1998). *See also U.S. v. Mound*, 149 F.3d 799, 802 (8th Cir. 1998).

However, a court must still apply the Rule 403 balancing test when considering the admission of evidence under Rule 413 to exclude such evidence in appropriate cases. *Enjady*,

134 F.3d at 1431.[1] Congressional sponsors stated that the relevance and probative value of sexual propensity evidence is presumed to outweigh any risk of prejudice. *Larson*, 112 F.3d at 604 (*quoting* 140 Cong. Rec. at S12990-01 (Sept. 20, 1994) (statement of Sen. Dole)). *But cf. Johnson*, 283 F.3d at 155-156 (prejudice may outweigh weak propensity evidence).

For this reason, some courts pay careful attention to the significant probative value and strong prejudicial qualities of sexual propensity evidence in consideration of the following factors: 1) the similarity of the prior acts to the acts charged; 2) the closeness in time of the prior acts to the acts charged; 3) the frequency of the prior acts; 4) the presence or lack of intervening circumstances; 5) the necessity of the evidence beyond the testimony of the defendant and the alleged victim; and 6) other factors relevant to individual cases. *See e.g., LeMay*, 260 F.3d at 1027-1028; *Seymour*, 468 F.3d at 386; *Guardia*, 135 F.3d at 1330-1331.

Finally, sexual propensity evidence may still be excluded due to the risk of unfair prejudice caused by a decision made on the improper basis of passion or bias, as opposed to the proper basis of propensity. *See e.g. Rogers*, 587 F.3d at 822-823; *Mound*, 149 F.3d at 802. This, "balancing inquiry is, at its core, an essentially discretionary one that gives the trial court significant latitude to exclude evidence." *Johnson*, 283 F.3d at 156.

In this case, Defendant objects to uncharged allegations of criminal sexual conduct against his nieces when they were children in 1987 and from 1976 to 1981. As a preliminary matter, the Court finds that a reasonable jury could find by a preponderance of the evidence that the prior sexual conduct occurred from the anticipated testimony of Defendant's adult nieces.[2] In each prior act and the charged act, the Defendant allegedly used his familial position of authority to coerce young girls in his family to submit to sexual conduct. Because of this

---

[1] *See also U.S. v. LeMay*, 260 F.3d 1018, 1027 (9th Cir. 2001) (sexual propensity rules are constitutional, "as long as the protections of Rule 403 remain in place so that district judges retain the authority to exclude potentially devastating evidence [of little or no relevance]"); *Mound*, 149 F.3d at 800-802; *U.S. v. Rogers*, 587 F.3d 816, 821-823 (7th Cir. 2009); *U.S. v. Seymour*, 468 F.3d 378, 386 (6th Cir. 2006); *U.S. v. Guidry*, 456 F.3d 493, 503 (5th Cir. 2006); *Johnson v. Elk Lake School Dist.*, 283 F.3d 138, 155-156 (3d Cir. 2002); *U.S. v. Larson*, 112 F.3d 600, 604-605 (2d Cir. 1997).

[2] Uncharged conduct is admissible and the court should determine whether a reasonable jury could find that the conduct occurred by a preponderance of the evidence. *Guidry*, 456 F.3d at 503 nn. 4-5.

similarity in the nature of these acts, and how they signify demonstrations of a propensity, the duration of time between these occurrences does not diminish their probative value or contribute to passion or bias.[3] The prior acts allegedly occurred multiple times without any intervening circumstance to distinguish the charged act. Finally, the prior acts may be necessary to prove sexual propensity if Defendant advances at trial his prior explanation to police that he could not see where he touched the victim because of his advanced age. In consideration of these circumstances, the prior acts of sexual conduct have significant probative value to show Defendant has the sexual propensity to commit the charged offense. The Court does not agree with Defendant that the probative value of this evidence is substantially outweighed by the danger of unfair prejudice or confusion. For this reason, the evidence is admissible and Defendant's objection shall not be sustained.

However, the particular physical acts of sexual penetration alleged by Defendant's nieces are significantly different and more severe than the sexual contact over clothing alleged in this case. The dissimilarity of sexual penetration limits its probative value here, and the severity of sexual penetration provokes greater emotion and increases the risk of unfair prejudice. For this reason, the particular facts of sexual penetration may be excluded on the grounds of prejudice under Guam R. Evid. 403.

In an abundance of caution, the Court will not allow the introduction of any evidence of the specific facts of sexual penetration, whether by direct examination of witnesses or otherwise. The Government must tailor its examination of Defendant's nieces accordingly and carefully craft questions regarding prior sexual conduct and the probative circumstances of the sexual conduct. The Court will prohibit questions that call for a narrative of events and the witnesses may be instructed to limit responses in direct examination to "yes" and "no" answers, as long as the form of those questions do not suggest whether the witness should necessarily give one of those answers over the other.

---

[3] No time limit is imposed upon the admission and consideration of uncharged sexual propensity offenses. *Larson,* 112 F.3d at 605 (*quoting* 140 Cong. Rec. at S12990-01 (Sept. 20, 1994) (statement of Sen. Dole)).

///

## CONCLUSION

Based upon the foregoing, Defendant's objection or motion to suppress evidence of other criminal sexual conduct is hereby DENIED in part, and GRANTED in part but only to the extent that the Government is prohibited during its direct examinations from eliciting facts particular to sexual penetration and from introducing any other evidence to that effect.

SO ORDERED this _20TH_ day of February, 2013.

**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**